IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-299 T
(Chief Judge Edward J. Damich)

(Consolidated with: No. 05-300 T, No. 05-301 T, No. 05-302 T, No. 05-303 T)

INSTASHRED SECURITY SERVICES, LLC,
by and through ISS ACQUISITIONS, LLC, a
Partner Other Than the Tax Matters Partner

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# ANSWER

COMES NOW the defendant, the United States of America, and in answer to the complaints in these consolidated cases filed on March 11, 2005, respectfully denies each and every allegation contained in the complaints identified below that are not expressly admitted or otherwise expressly addressed below.

Docket No. 05-299 T

With respect to Docket No. 05-299 T, the United States further:

1. Denies the allegations in paragraph 1 that there were any erroneous findings in the FPAA issued on October 15, 2004, and admits the remaining allegations in paragraph 1.

2. States that the FPAA dated October 12, 2004, set forth eleven (11) adjustments and determined that a 40% penalty on the portion of any underpayment attributable to "gross valuation misstatement" as provided by Internal Revenue Code §§ 6662(a), 6662(b)(3), 6662(e) and 6662(h), or, in the alternative, that a penalty applies pursuant to Internal Revenue Code § 6662 to all partnership adjustments on the grounds of (1) negligence or disregard of the rules and regulations and (2) substantial understatement of income tax.

3. Admits the allegations in the first sentence of paragraph 3; states that the plaintiff is ISS Acquisitions, LLC, not Instashred Security Services, LLC; and states further that the FPAA attached to the complaint as Exhibit A was not issued to the plaintiff.

4. Denies that Instashred Security Services, LLC is the plaintiff, admits the remaining allegations in the first sentence in paragraph 4 regarding Instashred Security Services, LLC; denies the allegations in the second and third sentences of paragraph 4; and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 4.

5. Denies the allegations in the first three sentences of paragraph 5 as Instashred Security Services, Inc. is not the tax matters partner of the plaintiff and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in the last sentence of paragraph 5.

6. States that the allegations in the first sentence of paragraph 6 constitute legal argument to which no response is required. Admits the remaining allegations paragraph 6.

7. States that the allegations in paragraph 7 constitute legal argument to which no response is required.

8. States that the defendant is the United States of America.

9. Admits that if jurisdiction exists, it arises under 28 U.S.C. § 1508 and 26 U.S.C. § 6226 (a) and (b).

10. States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 10 regarding an alleged deposit and states further that the remaining allegations in paragraph 10 constitute legal argument to which no response is required.

11. Denies each and every allegation of error set forth in paragraph 11, subsections (a) through (ee).

12. Denies that the allegations referred to in the introductory sentence of paragraph 12 constitute "facts."

(a) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(a).

(b) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(b) regarding an election and denies the remaining allegations in paragraph 12(b).

(c) Denies the allegations in paragraph 12(c).

(d) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(d).

(e) Denies the allegations in paragraph 12(e).

(f) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(f).

(g) States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(g).

(h) Denies the allegations in paragraph 12(h).

Docket No. 05-300 T

With respect to Docket No. 05-300 T, the United States further:

1. Denies the allegations in paragraph 1 that there were any erroneous findings in the FPAA, states that the FPAA was issued on October 12, 2004, and admits the remaining allegations in paragraph 1.

2. States that the FPAA dated October 12, 2004, set forth two adjustments and determined that a 40% penalty on the portion of any underpayment attributable to “gross valuation misstatement” as provided by Internal Revenue Code §§ 6662(a), 6662(b)(3), 6662(e) and 6662(h), or, in the alternative, that a penalty applies pursuant to Internal Revenue Code § 6662 to all partnership adjustments on the grounds of (1) negligence or disregard of the rules and regulations and (2) substantial understatement of income tax.

3. Admits the allegations in the first sentence of paragraph 3; states that the plaintiff is Thomas Dunlap, not ISS Management-T; and states that Exhibit A is not a copy of the FPAA issued to the plaintiff.

4. Denies that ISS Management-T, LLC, is the plaintiff, admits the remaining allegations in the first sentence in paragraph 4

regarding ISS Management-T; and denies the remaining allegations in paragraph 4.

5. Denies the allegations in the first sentence of paragraph 5 and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 5.

6. States that the allegations in the first sentence of paragraph 6 constitute legal argument to which no response is required. Admits the remaining allegations in paragraph 6.

7. States that the allegations in paragraph 7 constitute legal argument to which no response is required.

8. States that the defendant is the United States of America.

9. Admits that if jurisdiction exists, it arises under 28 U.S.C. § 1508 and 26 U.S.C. § 6226 (a) and (b).

10. States that the Internal Revenue Service's transcript of account for ISS Management-T, LLC, indicates receipt of $30,123 on March 8, 2005. Further states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegation regarding how the Internal Revenue Service received such amount. The remaining allegations in paragraph 10 constitute legal argument to which no response is required.

11. Denies each and every allegation of error set forth in paragraph 11, subsections (a) through (m).

12. Denies that the allegations referred to in the introductory sentence of paragraph 12 constitute "facts."

(a) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(a).

(b) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(b) regarding elections and denies the remaining allegations in paragraph 12(b).

(c) Denies the allegations in paragraph 12(c).

(d) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(d).

(e) Denies the allegations in paragraph 12(e).

(f) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(f).

(g) States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(g).

(h) Denies the allegations in paragraph 12(h).

<u>Docket No. 05-301 T</u>

With respect to Docket No. 05-301 T, the United States further:

1. Denies the allegations in paragraph 1 that there were any erroneous findings in the FPAA issued on October 15, 2004, and admits the remaining allegations in paragraph 1.

2. States that the FPAA dated October 15, 2004, set forth two adjustments and determined that a 40% penalty on the portion of any underpayment attributable to “gross valuation misstatement” as provided by Internal Revenue Code §§ 6662(a), 6662(b)(3), 6662(e) and 6662(h), or, in the alternative, that a penalty applies pursuant to Internal Revenue Code § 6662 to all partnership adjustments on the grounds of (1) negligence or disregard of the rules and regulations and (2) substantial understatement of income tax.

3. Admits the allegations in the first sentence of paragraph 3; states that the plaintiff is Donald Thorne, not ISS Management-D; and admits the remaining allegations in paragraph 3.

4. Denies that ISS Management-D, LLC, is the plaintiff; admits the remaining allegations in the first sentence in paragraph 4 regarding ISS Management-D; and denies the remaining allegations paragraph 4.

5. Denies the allegations in the first sentence of paragraph 5 and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 5.

6. States that the allegations in the first sentence of paragraph 6 constitute legal argument to which no response is required. Admits the allegation in the second sentence of paragraph 6. Denies the allegations in the third sentence of paragraph 6.

7. States that the allegations in paragraph 7 constitute legal argument to which no response is required.

8. States that the defendant is the United States of America.

9. Admits that if jurisdiction exists, it arises under 28 U.S.C. § 1508 and 26 U.S.C. § 6226 (a) and (b).

10. States that the Internal Revenue Service transcript of account for ISS Management-D, LLC, records receipt of $258,662 on March 20, 2005. Further states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegation regarding how the Internal Revenue Service received such amount. The remaining

allegations in paragraph 10 constitute legal argument to which no response is required.

11. Denies each and every allegation of error set forth in paragraph 11, subsections (a) through (m).

12. Denies that the allegations referred to in the introductory sentence of paragraph 12 constitute "facts."

(a) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(a).

(b) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(b) regarding elections and denies the remaining allegations in paragraph 12(b).

(c) Denies the allegations in paragraph 12(c).

(d) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(d).

(e) Denies the allegations in paragraph 12(e).

(f) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(f).

(g) States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(g).

(h) Denies the allegations in paragraph 12(h).

Docket No. 05-302 T

With respect to Docket No. 05-302 T, the United States further:

1. Denies the allegations in paragraph 1 that there were any erroneous findings in the FPAA issued on October 15, 2004, and admits the remaining allegations in paragraph 1.

2. States that the FPAA dated October 15, 2004, set forth two adjustments and determined that a 40% penalty on the portion of any underpayment attributable to "gross valuation misstatement" as provided by Internal Revenue Code §§ 6662(a), 6662(b)(3), 6662(e) and 6662(h), or, in the alternative, that a penalty applies pursuant to Internal Revenue Code § 6662 to all partnership adjustments on the grounds of (1) negligence or disregard of the rules and regulations and (2) substantial understatement of income tax.

3. Admits the allegations in the first sentence of paragraph 3; states that the plaintiff is Issie Rabinovitch, not ISS Management-I; and admits the remaining allegations in paragraph 3.

4. Denies that ISS Management-I, LLC, is the plaintiff and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in the first sentence of paragraph 4 regarding ISS Management-I; denies the remaining allegations in paragraph 4.

5. Denies the allegations in the first sentence of paragraph 5 and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 5.

6. States that the allegations in the first sentence of paragraph 6 constitute legal argument to which no response is required; admits the allegations in the second sentence of paragraph 6; and denies the remaining allegations in paragraph 6.

7. States that the allegations in paragraph 7 constitute legal argument to which no response is required.

8. States that the defendant is the United States of America.

9. Admits that if jurisdiction exists, it arises under 28 U.S.C. § 1508 and 26 U.S.C. § 6226 (a) and (b).

10. States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 10 regarding an alleged deposit and states further that the remaining allegations in paragraph 10 constitute legal argument to which no response is required.

11. Denies each and every allegation of error set forth in paragraph 11, subsections (a) through (m).

12. Denies that the allegations referred to in the introductory sentence of paragraph 12 constitute "facts."

    (a) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(a).

    (b) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(b) regarding elections and denies the remaining allegations in paragraph 12(b).

    (c) Denies the allegations in paragraph 12(c).

    (d) States further that its attorneys currently lack knowledge or information sufficient to form a

belief regarding the truth of the allegations in paragraph 12(d).

(e) Denies the allegations in paragraph 12(e).

(f) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(f).

(g) States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(g).

(h) Denies the allegations in paragraph 12(h).

<u>Docket No. 05-303 T</u>

With respect to Docket No. 05-303 T, the United States further:

1. Denies the allegations in paragraph 1 that there were any erroneous findings in the FPAA issued on October 15, 2004, and admits the remaining allegations in paragraph 1.

2. States that the FPAA dated October 15, 2004, set forth eight adjustments and determined that a 40% penalty on the portion of any underpayment attributable to “gross valuation misstatement” as provided by Internal Revenue Code §§ 6662(a), 6662(b)(3), 6662(e) and 6662(h), or, in the alternative, that a penalty applies pursuant to Internal Revenue Code § 6662 to all partnership adjustments on the

grounds of (1) negligence or disregard of the rules and regulations and (2) substantial understatement of income tax.

3. Admits the allegations in the first sentence of paragraph 3; states that the plaintiff is ISS Management-D, LLC, not ISS Acquisitions, LLC; and admits the remaining allegations in paragraph 3.

4. Denies that ISS Acquisitions, LLC, is the plaintiff, admits the remaining allegations in the first sentence in paragraph 4 regarding ISS Acquisitions, LLC; denies the allegations in the second and third sentences of paragraph 4; and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 4.

5. Admits the allegations in the first two sentences of paragraph 5; denies the allegations in the third sentence of paragraph 5; and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 5.

6. States that the allegations in the first sentence of paragraph 6 constitute legal argument to which no response is required; and admits the remaining allegations in paragraph 6.

7. States that the allegations in paragraph 7 constitute legal argument to which no response is required.

8. States that the defendant is the United States of America.

9. Admits that if jurisdiction exists, it arises under 28 U.S.C. § 1508 and 26 U.S.C. § 6226 (a) and (b).

10. States that the Internal Revenue Service transcript of account for the ISS Management - D records receipt of $258,662 on March 20, 2005; states further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in the second sentence of paragraph 10; and states that the remaining allegations in paragraph 10 constitute legal argument to which no response is required.

11. Denies each and every allegation of error set forth in paragraph 11, subsections (a) through (z).

12. Denies that the allegations referred to in the introductory sentence of paragraph 12 constitute "facts."

(a) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(a).

(b) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(b) regarding elections and

denies the remaining allegations in paragraph 12(b).

(c) Denies the allegations in paragraph 12(c).

(d) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(d).

(e) Denies the allegations in paragraph 12(e).

(f) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(f).

(g) States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(g).

(h) Denies the allegations in paragraph 12(h).

WHEREFORE, the defendant prays that the Court sustain the determinations made by the Internal Revenue Service, that costs be taxed against the plaintiffs, and that the Court award the United States of America such other and further relief as the Court deems appropriate, including costs.

Respectfully submitted,

s/ Robert J. Higgins

ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 307-6580

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
DAVID GUSTAFSON
Assistant Chief, Court of Federal Claims Section

s/ David Gustafson
Of Counsel

June 16, 2005