No. 05-299 T
(Chief Judge Edward J. Damich)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

(Consolidated with Nos. 05-300 T, 05-301 T, 05-302 T, & 05-303 T)

INSTASHRED SECURITY SERVICES, LLC,
BY AND THROUGH ISS ACQUISITIONS, LLC,
A PARTNER OTHER THAN THE TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

BRIEF IN SUPPORT OF MOTION OF THE UNITED STATES TO DISMISS EACH CONSOLIDATED PETITION FOR FAILURE TO MAKE JURISDICTIONAL DEPOSIT

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
ROBERT J. HIGGINS
BART D. JEFFRESS
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6580

-

**Page**

**TABLE OF CONTENTS**

Brief in Support of Motion of the United States to Dismiss Each Consolidated Petition for Failure To Make Jurisdictional Deposit . . . . . 1

Questions Presented . . . . . 1

I. Statement . . . . . 2

A. Individual Partners as Petitioners . . . . . 3

B. Pass-thru Filing Petitioners . . . . . 5

II. RCFC 12(b)(1) Standard . . . . . 7

III: Argument . . . . . 8

A. Jurisdictional Deposit Requirement of 26 U.S.C. § 6226(e)(1) and Treas. Reg. § 301.6226(e)-1(a)(1) . . . . . 7

B. The individual filing partners failed to satisfy the unambiguous jurisdictional deposit requirement of § 6226(e)(1) and Treas. Reg. § 301.6226(e)-1(a)(1) by failing to make any deposits on or before March 11, 2005. . . . . . 10

C. There is no claim that each indirect partner holding an interest in ISS LLC through ISS ACQ or holding an interest in ISS ACQ through ISS-D satisfied the jurisdictional deposit requirement of § 6226(e)(1) and Treas. Reg. § 301.6226(e)-1(a)(1) . . . . . 12

**Page**

**(Continuation):**

D. The curing provision of § 6226(e)(1) is not applicable here because Dunlap, Thorne, and Rabinovitch, while represented by counsel, failed to comply with unambiguous statutory and regulatory commands requiring them to make deposits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

APPENDIX A:

Internal Revenue Code of 1986 (26 U.S.C.):

§ 6221 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
§ 6222(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
§ 6223(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
§ 6226(a), (b), (e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
§ 6229(a), (d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
§ 6231(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Treasury Regulations (26 C.F.R.):

§ 301.6226(e)-1(a)(1)(2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

APPENDIX B (Bound Separately):

| Exhibit | Description |
|---|---|
| 1 | Form 4340 Certificate of Assessments, Payments and Other Specified Matters for Thomas Dunlap for period ending December 31, 2000 . . . B1 |
| 2 | Form 4340 Certificate of Assessments, Payments and Other Specified Matters for Donald R. and Linda Thorne for period ending December 31, 2000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . B5 |
| 3 | Form 4340 Certificate of Assessments, Payments and Other Specified Matters for Issie N. and Rhoda Rabinovitch for period ending December 31, 2000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . B9 |
| 4 | Materials produced by petitioners' counsel . . . . . . . . . . . . . . . . . . . . . B13 |

**Page**

**(Continuation):**


5 Form 4340 Certificate of Assessments, Payments and Other Specified Matters for ISS Management-T, LLC for period ending December 31, 2000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . B25

6 Form 4340 Certificate of Assessments, Payments and Other Specified Matters for ISS Management-D, LLC for period ending December 31, 2000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . B28

7 Form 4340 Certificate of Assessments, Payments and Other Specified Matters for ISS Management-I, LLC for period ending December 31, 2000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . B31

8 Form 4340 Certificate of Assessments, Payments and Other Specified Matters for Instashred Security Services, LLC for period ending December 31, 2000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . B34

9 Schedule K-1s produced with petitioners' initial disclosures . . . . . . . B38

10 Form 4340 Certificate of Assessments, Payments and Other Specified Matters for ISS Acquisitions, LLC for period ending December 31, 2000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . B65


## TABLE OF AUTHORITIES

**Cases:**


Barbados #6 v. United States, 85 T.C. 900 n.1 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cedars-Sinai Medical Ctr. v. Watkins, 11 F.3d 1573 (Fed. Cir. 1993) . . . . . . . . . . . . . . . 7

Chief's Choice v. Commissioner, 95 T.C. 388 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Chimblo v. Commissioner, 177 F.3d 119 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . 8

Flora v. United States, 362 U.S. 145 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Page**

**Cases (Continuation):**

Kaplan v. United States, 133 F.3d 469 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . 7

Rocovich v. United States, 933 F.2d 991 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . 7

Shore v. United States, 9 F.3d 1524 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statutes:**

Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248,
§ 402, 96 Stat. 324 ("TEFRA") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Internal Revenue Code of 1986 (26 U.S.C.):

§ 701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13
§ 6221 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
§ 6222 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
§ 6223 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
§ 6226 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*
§ 6629 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
§ 6231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6, 8
§ 6501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Miscellaneous:**

Rev. Proc. 84-58, 1984-2 C.B. 501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Treas. Reg. § 301.6226 (26 C.F.R.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

United States Court of Federal Claims Rules:

Rule 7(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Rule 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-299 T
(Chief Judge Edward J. Damich)

(Consolidated with Nos. 05-300 T, 05-301 T,
05-302 T, & 05-303 T)

INSTASHRED SECURITY SERVICES, LLC, BY
AND THROUGH ISS ACQUISITIONS, LLC,
A PARTNER OTHER THAN THE TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

BRIEF IN SUPPORT OF MOTION OF THE UNITED STATES
TO DISMISS EACH CONSOLIDATED PETITION FOR
FAILURE TO MAKE JURISDICTIONAL DEPOSIT

---

QUESTIONS PRESENTED

1. Whether each of the individual filing partners[1] Thomas Dunlap (Fed. Cl. No. 05-300T), Donald Thorne (Fed. Cl. No. 05-301T), and Issie Rabinovitch (Fed. Cl. No. 05-302T) satisfied the jurisdictional deposit requirement of 26 U.S.C. § 6226(e)(1) and Treas. Reg. § 301.6226(e)-1(a)(1)(2001).

---

[1] Reference to individuals and entities as "partners" and entities as "LLCs" or "partnerships" throughout the present brief is not intended to signal that the United States agrees with such characterization for federal tax purposes. Rather, for purposes of this motion only, such factual representations, which arise from petitioners' complaints and materials provided in petitioners' initial disclosures, are not disputed by the United States and thus are assumed true as a matter of law, see infra Part II.

2. Whether the readjustment petition of pass-thru filing partner[2] ISS Acquisitions, LLC (Fed. Cl. No. 05-299T) is deficient as a matter of law because it contains no claim that each indirect partner holding an interest in InstaShred Security Services, LLC through ISS Acquisitions, LLC satisfied the jurisdictional deposit requirement of 26 U.S.C. § 6226(e)(1) and Treas. Reg. § 301.6226(e)-1(a)(1)(2001).

3. Whether each indirect partner holding an interest in InstaShred Security Services, LLC through pass-thru filing partner ISS Acquisitions, LLC (Fed. Cl. No. 05-299T) satisfied the jurisdictional deposit requirement of 26 U.S.C. § 6226(e)(1) and Treas. Reg. § 301.6226(e)-1(a)(1)(2001).

4. Whether the readjustment petition of pass-thru filing partner ISS Management - D, LLC (Fed. Cl. No. 05-303T) is deficient as a matter of law because it contains no claim that each indirect partner holding an interest in ISS Acquisitions, LLC through ISS Management - D, LLC satisfied the jurisdictional deposit requirement of 26 U.S.C. § 6226(e)(1) and Treas. Reg. § 301.6226(e)-1(a)(1)(2001).

5. Whether each indirect partner holding an interest in ISS Acquisitions, LLC through pass-thru filing partner ISS Management - D, LLC (Fed. Cl. No. 05-303T) satisfied the jurisdictional deposit requirement of 26 U.S.C. § 6226(e)(1) and Treas. Reg. § 301.6226(e)-1(a)(1)(2001).

## I. STATEMENT

In October 2004, the Internal Revenue Service ("IRS") mailed a Notice of Final Partnership Administrative Adjustment ("FPAA") to each of the tax matters partners of

---

[2] The term "pass-thru partner" and its spelling are taken from the statue. See § 6231(a)(9).

InstaShred Security Services, LLC ("ISS LLC"), ISS Management - T, LLC ("ISS-T"),[3] ISS Management - D, LLC ("ISS-D"), ISS Management - I, LLC ("ISS-I"), and ISS Acquisitions, LLC ("ISS ACQ"). See Compls. (Fed. Cl. Nos. 05-299T - 05-303T) Exs. A.[4] The FPAAs adjusted partnership items reported by each entity on its partnership income return for the tax year ending December 31, 2000. See id.

Under 26 U.S.C. § 6226(a), each tax matters partner had 90 days after the day on which the FPAA was mailed to file a petition in the U.S. Tax Court, the U.S. Court of Federal Claims, or a U.S. district court, for readjustment of the partnership items adjusted in the FPAA. None did so. Accordingly, under § 6226(b), any notice partner of ISS LLC, ISS-T, ISS-D, ISS-I, or ISS ACQ, had 60 days after the close of the tax matters partner's 90-day period within which to file a readjustment petition. Within the 60-day period, on March 11, 2005, ISS ACQ filed a readjustment petition contesting the FPAA issued to ISS LLC (Fed. Cl. No. 05-299T), Thomas Dunlap filed a readjustment petition contesting the FPAA issued to ISS-T (Fed. Cl. No. 05-300T), Donald Thorne filed a readjustment petition contesting the FPAA issued to ISS-D (Fed. Cl. No. 05-301T), Issie Rabinovitch filed a readjustment petition contesting the FPAA issued to ISS-I (Fed. Cl. No. 05-302T), and ISS-D filed a readjustment petition contesting the FPAA issued to ISS ACQ (Fed. Cl. No. 05-303T).

[3] The FPAA issued to the tax partner of ISS-T was mailed on October 12, 2004.

[4] A partnership's tax matters partner generally is either the general partner designated as the tax matters partner under applicable regulations or the general partner having the largest profits interest in the partnership. See 26 U.S.C. § 6231(a)(7).

A. Individual Partners as Petitioners

Because the petitions were filed in the U.S. Court of Federal Claims, the jurisdictional deposit requirement of § 6226(e)(1) and Treas. Reg. § 301.6226(e)-1(a)(1) applied.[5] The statute required each individual filing partner (Dunlap, Thorne, and Rabinovitch) to deposit with the IRS, on or before March 11, 2005, "the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the [contested] FPAA." 26 U.S.C. § 6226(e)(1); see also Treas. Reg. § 301.6226(e)-1(a)(1). Each individual filing partner alleges satisfaction of this requirement by deposit with the IRS on March 10, 2005. See Compls. (Fed. Cl. Nos. 05-300T, 05-301T, 05-302T) ¶ 10. Thomas Dunlap (Fed. Cl. No. 05-300T) alleges he made a deposit of $30,123, Donald Thorne (Fed. Cl. No. 05-301T) $258,662, and Issie Rabinovitch (Fed. Cl. No. 05-302T) $357,167. The 2000 Form 4340 Certificates of Assessments, Payments and Other Specified Matters for Dunlap, Thorne, and Rabinovitch, however, contradict these allegations, showing no record of the alleged deposits. See Exs. 1-3, App. B at B1-B12.

Evidence provided by petitioners' own counsel to the United States, cover letters with enclosed checks and mailing materials, confirms the certified record. See Ex. 4, App. B at B13-B24. While the cover letters claim that the enclosed checks were deposits "being made by the

[5] The TEFRA deposit requirement of § 6226(e)(1) is analogous to the so-called "*Flora* rule" in refund suits. Prior to TEFRA, a taxpayer who wished to litigate *before* payment of tax could litigate a "deficiency suit" in the Tax Court; but a taxpayer who wished to litigate in the Court of Federal Claims or the district court was required first to fully pay the tax and then sue for a refund. *Flora v. United States*, 362 U.S. 145 (1960); *Shore v. United States*, 9 F.3d 1524 (Fed. Cir. 1993). TEFRA created another form of tax litigation, but retained the same payment dynamic: The partner who does not want to pay the tax before litigating may still do so--in the Tax Court. But under § 6226(e)(1), the partner who wants to litigate in the Court of Federal Claims or the district court must first pay a deposit equal to the amount of tax at issue.

[individual filing partners],” the checks themselves do not support that claim: the checks were made respectively by ISS-T (in the amount of $30,123), ISS-D (in the amount of $258,662), and ISS-I (in the amount of $357,167), to be drawn on those entities’ bank accounts, and, with respect to ISS-T and ISS-D, bear the entities’ federal tax identification number. Not surprisingly, the 2000 Form 4340 Certificate for ISS-T shows receipt of $30,123, and the one for ISS-D shows receipt of $258,662. See Exs. 5-6, App. B at B25-B30. The absence of a federal tax identification number on the $357,167 check made by ISS-I (in contrast to use of such number on the checks made by ISS-T and ISS-D) accounts for the absence of any record of receipt of the check in the 2000 Form 4340 Certificate for ISS-I, see Ex. 7, App. B at B31-B33, and instead misapplication of the deposit to the account of ISS LLC, see Ex. 8, App. B at B34-B37. In sum, the evidence, Certificates of Assessments, Payments and Other Specified Matters, and that provided by petitioners’ own counsel, establishes that the *entity* that was issued the FPAA that is challenged by each individual’s readjustment petition made a deposit (ISS-T: $30,123, ISS-D: $258,662, and ISS-I: $357,167) and that the individual filing partners did not make deposits.

B. Pass-thru Filing Petitioners

Returning to the petition of pass-thru filing partner ISS ACQ contesting the FPAA issued to ISS LLC (Fed. Cl. No. 05-299T) and the petition of pass-thru filing partner ISS-D contesting the FPAA issued to ISS ACQ (Fed. Cl. No. 05-303T): the jurisdictional deposit provision required that each indirect partner holding an interest in ISS LLC through pass-thru filing partner ISS ACQ and each indirect partner holding an interest in ISS ACQ through pass-thru filing partner ISS-D must deposit with the IRS, on or before March 11, 2005 “the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the

partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the [contested] FPAA." 26 U.S.C. § 6226(e)(1); Treas. Reg. § 301.6226(e)-1(a)(1).

The indirect partners[6] holding an interest in ISS LLC through pass-thru filing partner ISS ACQ and subject to increased tax liability as a result of the FPAA issued to ISS LLC are alleged and were reported to be Dunlap, Thorne, and Rabinovitch. See Compls. (Fed. Cl. Nos. 05-299T-05-303T) ¶ 12(a); Compls. (Fed. Cl. No. 05-299T and 05-303T) Ex. A; Ex. 9, App. B at B38-B64; id. at B38, B41, B45, B49, B53, B57, B61. ISS ACQ does not allege that Dunlap, Thorne, and Rabinovitch made the required deposits but alleges that it (ISS ACQ) did so, in the amount of $645,952, see Compl. (Fed. Cl. No. 05-299T) ¶ 10. The 2000 Form 4340 Certificate for ISS ACQ contradicts this allegation, showing no record of the alleged deposit, see Ex. 10, App. B at B65-B68, and the evidence provided by petitioners' counsel confirms this, also revealing no ISS ACQ deposit, see Ex. 4, App. B at B13-B24. Moreover, as a factual matter and as set forth supra, indirect partners Dunlap, Thorne, and Rabinovitch did not make any deposits themselves.

The indirect partner holding an interest in ISS ACQ through pass-thru filing partner ISS-D and subject to increased tax liability as a result of the FPAA issued to ISS ACQ is alleged and was reported to be Thorne. See Compls. (Fed. Cl. No. 05-301T and 05-303T) ¶ 12(a); Compl. (Fed. Cl. No. 05-303T) Ex. A; Ex. 9, App. B at B41-B44, B53-B56. ISS-D does not allege that Thorne made the required deposit but alleges that it (ISS-D) did so, in the amount of $258,662, see Compl. (Fed. Cl. No. 05-303T) ¶ 10, which allegation is confirmed by the 2000 Form 4340 Certificate of Assessment for ISS-D and the evidence offered by petitioners' counsel. See Ex. 6,

[6] The term "indirect partner" is defined as "a person holding an interest in a partnership through 1 or more pass-thru partners." 26 U.S.C. § 6231(a)(10).

App. B at B28-B30. As a factual matter and as set forth supra, indirect partner Thorne did not make any deposit himself.

II. RCFC 12(b)(1) STANDARD

Jurisdictional challenges pursuant to RCFC 12(b)(1) take two forms–either a legal or facial challenge on the basis of the factual jurisdictional allegations of the complaint (which are assumed to be true) or else a factual challenge to one or more of the jurisdictional facts alleged in it. See e.g. Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993); Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). The former entitles the plaintiff to the assumption that alleged jurisdictional facts are true and correct and to a liberal construction of them in plaintiff's favor, while the latter does not but instead permits the court to receive and weigh evidence to resolve disputed jurisdictional facts, with the burden on the plaintiff to establish subject matter jurisdiction by a preponderance of evidence after opportunity to be heard. See e.g. Rocovich v. United States, 933 F.2d 991, 993-94 (Fed. Cir. 1991); Reynolds, 846 F.2d at 747-48.

The United States in the present motion makes factual challenges to the jurisdictional deposit allegations in each of the three petitions filed by individual partners. Specifically, the United States maintains that the individual partners did not make the required jurisdictional deposits they claim to have made. In addition, the United States makes legal and factual challenges to the jurisdictional allegations in each of the two petitions filed by pass-thru partners. Specifically, the United States maintains that the assumed true factual allegations of each are deficient for failing to allege deposits by indirect partners and that, as a factual matter, each indirect partner required to do so did not make the requisite jurisdictional deposit.

## III. ARGUMENT

### A. Jurisdictional Deposit Requirement of 26 U.S.C. § 6226(e)(1) and Treas. Reg. § 301.6226(e)-1(a)(1)

In 1982, as part of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648-671, ("TEFRA"),[7] Congress enacted unified partnership audit examination and litigation provisions, now codified, as amended, at 26 U.S.C. §§ 6221-6234.

> Prior to TEFRA's enactment, multiple proceedings were required to address the tax treatment of partnership issues, because partnerships are not separately taxable entities and partnership income and expense pass through to the individual partners.

Chimblo v. Commissioner, 177 F.3d 119, 121 (2d Cir. 1999)(quotations omitted).

> Through TEFRA, Congress sought to ensure equal treatment of partners by uniformly adjusting partners' tax liabilities and channeling any challenges to these adjustments into a single, unified proceeding ... This system has the additional advantage of abating the administrative burden that would be wrought by multiple, duplicative audits and lawsuits involving numerous partners in a single partnership.

Kaplan v. United States, 133 F.3d 469, 471 (7th Cir. 1998) (citation omitted).

Under TEFRA, the tax treatment of partnership items is determined at the partnership level, see 26 U.S.C. § 6221, and a partner is required on the partner's return to treat a partnership item in a manner consistent with the treatment of such partnership item on the partnership return, see 26 U.S.C. § 6222. A "partnership item" is defined as

> any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of [subtitle F], such item is more appropriately determined at the partnership level than at the partner level.

26 U.S.C. § 6231(a)(3). If the IRS adjusts the treatment of partnership items on a partnership return, it must mail the partners an FPAA. 26 U.S.C. §§ 6223(a)(2), (d)(2). Generally, the IRS

---

[7] TEFRA is applicable to tax years beginning after September 3, 1982. Pub. L. No. 97-248, § 407.

must mail the FPAA within three years after the later of the date on which the partnership return was filed or due or the period for assessing tax attributable to any partnership item related to the return will expire. See 26 U.S.C. §§ 6501(a), 6229(a), (d).

As indicated above, the tax matters partner has 90 days after the day on which the FPAA is mailed to file a petition for readjustment of the adjusted partnership items. See 26 U.S.C. § 6226(a). If the TMP does not file such petition within the 90-day period, any notice partner may do so within the next 60 days. See 26 U.S.C. § 6226(b). The petition may be filed in the Tax Court, the district court of the United States for the district in which the partnership's principal place of business is located, or the Court of Federal Claims. See 26 U.S.C. § 6226 (a, b). If the petition is filed in a federal district court or the Court of Federal Claims, the filing partner must satisfy a jurisdictional deposit requirement:

> A readjustment petition ... may be filed in a district court... or the [Court of Federal Claims] only if the partner filing the petition deposits with the Secretary, on or before the day the petition is filed, the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment .... The court may by order provide that the jurisdictional requirements of this paragraph are satisfied where there has been a good faith attempt to satisfy such requirements and any shortfall in the amount required to be deposited is timely corrected.

26 U.S.C. § 6226(e). Where the filing partner is a pass-thru entity, this provision requires each indirect partner holding an interest (in the partnership to which the contested FPAA was issued) through the filing pass-thru partner to make the jurisdictional deposit. See Treas. Reg.

§ 301.6226(e)-1(a)(1).[8]

B. The individual filing partners failed to satisfy the unambiguous jurisdictional deposit requirement of § 6226(e)(1) and Treas. Reg. § 301.6226(e)-1(a)(1) by failing to make any deposits on or before March 11, 2005.

The plain language of § 6226(e)(1) unambiguously requires "the partner filing" a readjustment petition in the Court of Federal Claims to make a jurisdictional deposit in the correct amount on or before the day of filing the readjustment petition. The individual filing partners Thomas Dunlap (Fed. Cl. No. 05-300T), Donald Thorne (Fed. Cl. No. 05-301T), and Issie Rabinovitch (Fed. Cl. No. 05-302T) have failed to satisfy this requirement. Dunlap concedes that the amount of the required deposit was at a minimum $30,123, yet he made no deposit. Thorne concedes that the amount of the required deposit was at a minimum $258,662, yet he made no deposit. Rabinovitch concedes that the amount of the required deposit was at a minimum $357,167, yet he made no deposit. The deposits of those amounts by ISS-T, ISS-D, and ISS-I do not comply with the plain statutory language of § 6226(e)(1), which requires that a deposit be made by the filing partner, and not by the entity whose partnership items were adjusted by the petitioned FPAA. Dunlap, Thorne, and Rabinovitch effectively concede this point, each alleging falsely that each one individually made his deposit. See Compls. (Fed. Cl. Nos. 05-300T, 05-301T, 05-302T) ¶ 10. The evidence, Certificates of Assessments, Payments

---

[8] Treas. Reg. § 301.6226(e)-1(a)(1) provides in pertinent part:

> The jurisdictional amount that the filing partner (or, ... in the case of a petition filed by a pass-thru partner, each indirect partner holding an interest through the pass-thru partner) shall deposit is the amount by which the tax liability of the partner would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the notice of final partnership administrative adjustment.

and Other Specified Matters and that provided by petitioners' own counsel, refutes such allegations, proving that in fact such deposits were made by ISS-T, ISS-D, and ISS-I.

The distinct status of a partnership and its partners for purposes of the tax law is no mere technicality. For purposes of the income tax, partnerships are conduits and are not ultimate taxpayers. A partnership will not have an income tax liability of its own. § 701. Consequently, the partnership is not even a party to the TEFRA proceeding. See Chef's Choice v. Commissioner, 95 T.C. 388 (1990). Only partners may petition (I.R.C. 6226(a) and (b)), and only partners are parties to the proceeding under section 6226(c) and (d). The partnership is simply a third party and is not the petitioner. See Barbados #6 v. Commissioner, 85 T.C. 900 n.1 (1985). Any income tax payments that a partnership purports to make on its own behalf will by definition be overpayments subject to being refunded as such (and any income tax "deposits" it makes are subject to retraction at will under Rev. Proc. ___). The tax liabilities of an individual partner are his own liabilities, not the liabilities of the partnership. The IRS does not have unbridled discretion to shift payments from one account to another or to deem payments in one account to be in another instead. Rather, Section 6402 authorizes the IRS to credit an overpayment only "against any liability in respect of an internal revenue tax on the part of the person who made the overpayment". The TEFRA deposit requirement was created in order to protect the Government's interests in collecting and retaining the federal revenue--*i.e.*, the tax liabilities of the ultimate taxpaying partners--but these interests are not at all protected by "deposits" made by the non-taxpaying partnerships. Of course, while we assume here *arguendo* that the partnerships should be respected for tax purposes (as plaintiffs contend), the analysis might be different if (as we will contend) the partnership should actually be disregarded. In that event, if deposits ostensibly made by the partnership were deemed to have been made in fact by

the partner--because the entity and the individual must be conflated--then the litigating partner would find that he had fulfilled TEFRA's jurisdictional deposit requirement but had ensured his defeat on the merits by blowing up his own partnership.

The individual filing partners' allegations of individual deposits, coupled with the cover letters provided by petitioners' counsel, which claim that the deposits of ISS-T, ISS-D, and ISS-I were "being made by the [individual filing partners]," suggest that Dunlap, Thorne, and Rabinovitch might ask the Court to deem the deposits of ISS-T, ISS-D, and ISS-I to be their own. The United States notes that the Court could not do so without making a factual finding that those pass-thru entities are to be disregarded and considered one with the individuals, for, as set forth supra, the deposits were made by those entities on entity checks drawn from the entities' bank accounts with, in two cases, the entities' federal tax identification number written on the check. Should the Court take this step-disregarding the separate existence of the partnerships–in order to save the individual filing partners' petitions from dismissal, the United States will understand the disregarding of the ISS-T, ISS-D, and ISS-I as a 12(b)(1) fact finding applicable as law of the case to the transactions at issue in the petitions–a finding that would be fatal to plaintiff's position on the substantive issues in the case.[9]

C. There is no claim that each indirect partner holding an interest in ISS LLC through ISS ACQ or holding an interest in ISS ACQ through ISS-D satisfied the jurisdictional deposit requirement of § 6226(e)(1) and Treas. Reg. § 301.6226(e)-1(a)(1).

Treas. Reg. § 301.6226(e)-1(a)(1) unambiguously requires, with respect to a readjustment petition filed by a pass-thru partner of a partnership in the Court of Federal Claims, "each

[9] Because it is the United States' position that the individual filing partners have not made any deposits, the United States does not address in this motion the timeliness and amount prongs of § 6226(e) with respect to the deposits of ISS-T, ISS-D, and ISS-I.

indirect partner holding an interest [in the partnership] through the pass-thru partner" to make a jurisdictional deposit in the correct amount. The readjustment petition of pass-thru filing partner ISS ACQ contesting the FPAA issued to ISS LLC does not allege that each indirect partner holding an interest in ISS LLC through ISS ACQ made the required deposit, but alleges that ISS ACQ did so in the amount of $645,952. The petition is thus legally deficient for failing to allege deposits by indirect partners, which are required, and instead alleging a deposit by the filing pass-thru partner, which is legally irrelevant. Similarly, the readjustment petition of pass-thru filing partner ISS-D contesting the FPAA issued to ISS ACQ does not allege that each indirect partner holding an interest in ISS ACQ through ISS-D made the required deposit, but alleges that the pass-thru filing partner ISS-D did so in the amount of $258,622. Thus, this petition also is legally deficient for failing to allege deposits by indirect partners. Accordingly, the assumed true jurisdictional facts being insufficient, both petitions must be dismissed.

In addition, as a factual matter, no indirect partner holding an interest in ISS LLC thru ISS ACQ and subject to increased tax liability as a result of FPAA adjustments to ISS LLC's partnership items--namely, Dunlap, Thorne, and Rabinovitch--satisfied the jurisdictional deposit requirement. Pass-thru filing partner ISS ACQ concedes that the amount of the required deposit was at a minimum $645,952, yet Dunlap, Thorne, and Rabinovitch did not make any deposits. The deposits made by ISS-T, ISS-D, and ISS-I, totaling $645,952, do not satisfy the jurisdictional deposit requirement for two reasons. First, Treas. Reg. § 301.6226(e)-1(a)(1) requires deposits to be made by indirect partners subject to increased tax liability as a result of the FPAA issued to ISS LLC, not by indirect pass-thru partners who are not so subject, see 26 U.S.C. § 701. Thus, the deposits of ISS-T, ISS-D, and ISS-I cannot substitute for the deposits

Dunlap, Thorne, and Rabinovitch should have made, absent a factual finding disregarding those entities.

Second, each one of the deposits of ISS-T, ISS-D, and ISS-I is not permitted to satisfy more than the jurisdictional deposit required for one readjustment petition. The statutory and regulatory language unambiguously require a deposit or deposits with respect to each petition. See 26 U.S.C. § 6226(e)(1) ("... the partner filing the petition deposits...") (emphasis added); Treas. Reg. § 301.6226(e)-1(a)(1) ("The ... amount that the filing partner (or, ... in the case of a petition filed by a pass-thru partner, each indirect partner ...) shall deposit....") (emphasis added). Thus, even if the Court were to disregard ISS-T, ISS-D, and ISS-I and deem those entities' deposits to be those of Dunlap, Thorne, and Rabinovitch, such deposits could be used only to satisfy the required deposits the individual filing partners claim to have made (Fed. Cl. Nos. 05-300T, 05-301T, and 05-302T), and would not be available to satisfy the independent deposit requirement of the readjustment petition filed by ISS ACQ (Fed. Cl. No. 05-299).

Similarly, no indirect partner holding an interest in ISS ACQ thru ISS-D and subject to increased tax liability as a result of FPAA adjustments to ISS ACQ's partnership items, namely, Thorne, satisfied the jurisdictional deposit requirement. Pass-thru filing partner ISS-D concedes that the amount of the required deposit was at a minimum $258,622, yet indirect partner Thorne did not make a deposit. The deposit made by ISS-D does not satisfy the jurisdictional deposit requirement because ISS-D is not an indirect partner in ISS ACQ but holds its interest directly, and because Treas. Reg. § 301.6226(e)-1(a)(1) requires deposits of partners subject to increased tax liability, which ISS-D, a pass-thru entity, is not. Thus, ISS-D's deposit cannot substitute for the deposit Thorne should have made, absent a factual finding that Thorne and ISS-D are one.

In addition, the deposit of ISS-D is not permitted to satisfy more than the jurisdictional deposit required for one readjustment petition. See 26 U.S.C. § 6226(e)(1); Treas. Reg. § 301.6226(e)-1(a)(1). Thus, even if the Court were to disregard ISS-D and deem that entity's deposit to be that of Thorne, such deposit could be used only to satisfy the required deposit Thorne claims to have made in Fed. Cl. No. 05-301T, the required deposit ISS-D made in Fed. Cl. 05-303T, or Thorne's portion of the required deposit in Fed. Cl. No. 05-299T, but not all three or even two of the three.

D. The curing provision of § 6226(e)(1) is not applicable here, because Dunlap, Thorne, and Rabinovitch, while represented by counsel, failed to comply with unambiguous statutory and regulatory commands requiring them to make deposits.

Section 6226(e)(1) permits curing of otherwise defective jurisdictional deposits in certain circumstances:

> A readjustment petition ... may be filed in a district court ... or the [Court of Federal Claims] only if the partner filing the petition deposits with the Secretary, on or before the day the petition is filed, the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment.... The court may by order provide that the jurisdictional requirements of this paragraph are satisfiedwhere there has been a good faith attempt to satisfy such requirements and any shortfall in the amount required to be deposited is timely corrected.

26 U.S.C. § 6226(e)(1)(emphasis added).

The jurisdictional requirements of the paragraph § 6226(e) are five: (1) the partner filing the petition (or each indirect partner holding an interest through a pass-thru filing partner, see Treas. Reg. § 301.6226(e)-1(a)(1)) must (2) make a deposit (3) with the IRS (4) on or before the day the petition is filed (5) in the correct amount. A finding of "a good faith attempt" to satisfy

all five requirements permits a court but does not require it ("[t]he court may..."), to order that they have been satisfied.

As set forth supra, the individual filing partners Thomas Dunlap (Fed. Cl. No. 05-300T), Donald Thorne (Fed. Cl. No. 05-301T), and Issie Rabinovitch (Fed. Cl. No. 05-302T) failed to satisfy all five jurisdictional deposit requirements by failing to make any deposits at all. The clear and unambiguous language of the statute commanded them as filing partners- - and not the entitities the partnership items of which were adjusted by the petitioned FPAAs- - to make deposits. The substance of this command- - i.e., the identification of the filing partner and the filing partner making a deposit - - is simple, clear, and easy to comply with (unlike, for example, the calculation of the correct amount of a deposit, which may sometimes be complex). At the time deposits were due, all three were represented by counsel and that counsel purported to handle the deposits for them by mailing instead deposits for ISS-T, ISS-D, and ISS-I. See Ex. 4, App. B at B13-B24. As an objective matter, there is no excuse for failure to comply with the clearest of statutory commands. Even as a subjective matter, counsel for the individual filing partners, a day after mailing deposits for ISS-T, ISS-D, and ISS-I, demonstrated his understanding of the jurisdictional deposit requirement by pleading that Dunlap, Thorne, and Rabinovitch individually had made the required deposits, see Compls. (Fed. Cl. Nos. 05-300T, 05-301T, 05-302T) ¶ 10, when in fact they had not. The United States respectfully submits that the finding of a good faith attempt is incompatible with these circumstances. In addition, the United States submits that, even if the Court were to find a good faith attempt, the Court should decline to exercise its discretion to permit curing on the grounds that counsel petitioners' non-compliance with a simple, clear statutory requirement is not the kind of failure worthy of

judicial discretion, and that curing here would encourage neglect of requirements imposed by Congress.

Similarly, as set forth supra, the petitions filed by pass-thru partners ISS ACQ (Fed. Cl. Nos. 05-299T) and ISS-D (Fed. Cl. No. 05-303T) are legally deficient for failing to allege jurisdictional deposits by indirect partners and, as a factual matter, for the failure of indirect partners Dunlap, Thorne, and Rabinovitch to make any deposits. The clear and unambiguous language of Treas. Reg. § 301.6226(e)-1(a)(1) commanded them as indirect partners to make deposits, not the pass-thru filing partners. The identification of the indirect partners as the ones who make a deposit is an easy requirement with which to comply, and both the pass-thru filing partners and the individual indirect partners were represented by counsel at the time deposits were due. In addition, the plain language of 26 U.S.C. § 6226(e)(1) and Treas. Reg. § 301.6226(e)-1(a) prohibits one deposit from satisfying the jurisdictional deposit requirement for more than one petition. Even if the deposits of ISS-T, ISS-D, and ISS-I are deemed those of Dunlap, Thorne, and Rabinovitch to satisfy the jurisdictional deposit requirements in Fed. Cl. Nos. 05-300T, 05-301T, and 05-302T, such deposits cannot count double and triple to satisfy the independent deposit requirements for the petitions of the pass-thru filing partners (Fed. Cl. Nos. 05-299T and 05-303T). As an objective matter, counseled petitioners cannot be said to have been "in good faith" when they failed to comply with not one but two unambiguous and simple commands. Thus, the United States submits these circumstances are inconsistent with a good faith attempt and urges the Court so to conclude. In addition, notwithstanding any finding of a good faith attempt here, the United States respectfully urges the Court to decline to exercise discretion to permit curing on the grounds that non-compliance by counseled petitioners with two simple, clear statutory and regulatory

requirements should not be salvaged by judicial grace. To do so, in the United States' view, would invite lackadaisical approaches to compliance with Congress' jurisdictional mandates.

## IV. CONCLUSION

For the foregoing reasons, the United States requests the Court dismiss the petitions in the present five consolidated cases.

Respectfully submitted,

s/Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
BART D. JEFFRESS
Trial Attorney
United States Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0503
Fax: (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief
Court of Federal Claims Section

s/David Gustason
Of Counsel

December 19, 2005

## APPENDIX A

**Internal Revenue Code of 1986 (26 U.S.C.):**

**SEC. 6221. TAX TREATMENT DETERMINED AT PARTNERSHIP LEVEL**

Except as otherwise provided in this subchapter, the tax treatment of any partnership item (and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item) shall be determined at the partnership level.

**SEC. 6222(a). PARTNER'S RETURN MUST BE CONSISTENT WITH PARTNERSHIP RETURN....**

**(a) In General.-** A partner shall, on the partner's return, treat a partnership item in a manner which is consistent with the treatment of such partnership item on the partnership return.

**SEC. 6223(a). NOTICE TO PARTNERS OF PROCEEDINGS**

**(a) Secretary Must Give Partners Notice of Beginning and Completion of Administrative Proceedings.-** The Secretary shall mail to each partner whose name and address is furnished to the Secretary notice of-

(1) the beginning of an administrative proceeding at the partnership level with respect to a partnership item, and

(2) the final partnership administrative adjustment resulting from any such proceeding.

A partner shall not be entitled to any notice under this subsection unless the Secretary has received (at least 30 days before it is mailed to the tax matters partner) sufficient information to enable the Secretary to determine that such partner is entitled to such notice and to provide such notice to such partner.

**SEC. 6226. JUDICIAL REVIEW OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS**

**(a) Petition by Tax Matters Partner.–**Within 90 days after the day on which a notice of a final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition for a readjustment of the partnership items for such taxable

year with–

(1) the Tax Court,

(2) the district court of the United States for the district in which the partnership's principal place of business is located, or

(3) the Claims Court.

**(b) Petition by Partner Other Than Tax Matters Partner.-**

(1) In General.–If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5-percent group) may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the partnership items for the taxable year involved with any of the courts described in subsection (a).

* * * * *

**(e) Jurisdictional Requirement For Bringing Action In District Court Or Claims Court.-**

(1) In General.- A readjustment petition under this section may be filed in a district court of the United States or the Claims Court only if the partner filing the petition deposits with the Secretary, on or before the day the petition is filed, the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment. In the case of a petition filed by a 5-percent group, the requirement of the preceding sentence shall apply to each member of the group. The court may by order provide that the jurisdictional requirements of this paragraph are satisfied where there has been a good faith attempt to satisfy such requirements and any shortfall in the amount required to be deposited is timely corrected.

* * * * *

**SEC. 6229. PERIOD OF LIMITATIONS FOR MAKING ASSESSMENTS.**

**(a) General Rule.**–Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of–

(1) the date on which the partnership return for such taxable year was filed, or

(2) the last day for filing such return for such year (determined without regard to extensions).

* * * * *

**(d) Suspension When Secretary Makes Administrative Adjustment.-** If notice of a final partnership administrative adjustment with respect to any taxable year is mailed to the tax matters partner, the running of the period specified in subsection (a)(as modified by other provisions of this section) shall be suspended-

(1) for the period during which an action may be brought under section 6226 (and, if a petition is filed under section 6226 with respect to such administrative adjustment, until the decision of the court becomes final), and

(2) for 1 year thereafter.

* * * * *

**SEC. 6231. DEFINITIONS AND SPECIAL RULES.**

**(a) Definitions.–For purposes of this subchapter–**

* * * * *

(3) Partnership item.–The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

## TREASURY REGULATIONS ON INCOME TAX (26 C.F.R.)

### § 301.6226(e)-1(a)(1). Jurisdictional requirement for bringing an action in District Court or United States Court of Federal Claims.

(a) Amount to be deposited--(1) In general. The jurisdictional amount that the filing partner (or, in the case of a petition diled by a 5-percent group, each member of the group, or, for civil actions beginning on or after April 2, 2002, in the case of a petition filed by a pass-thru partner, each indirect partner holding an interest through the pass-thru partner) shall deposit is the amount by which the tax liability of the partner would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the notice of final partnership administrative adjustment. The partner is not required to pay other outstanding liabilities in order to deposit a jurisdictional amount.