IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-299 T
(Chief Judge Edward J. Damich)

(Consolidated with: No. 05-300 T, No. 05-301 T, No. 05-302 T, No. 05-303 T)

INSTASHRED SECURITY SERVICES, LLC,
by and through ISS ACQUISITIONS, LLC, a
Partner Other Than the Tax Matters Partner

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# BRIEF IN OPPOSITION TO MOTION OF THE UNITED STATES TO DISMISS EACH CONSOLIDATED PETITION FOR FAILURE TO MAKE JURISDICTIONAL DEPOSIT

BRADLEY A. PATTERSON
MORGAN R. EVANS
GODDARD LLP
Attorneys for the Plaintiffs
18500 Von Karman Ave., Suite 400
Irvine, California 92612
949/ 253-0500

SUMMARY OF OPPOSITION

On March 10, 2005, prior to filing the present consolidated actions, the Notice Partners in these matters deposited collectively more than $645,000.00 with the Internal Revenue Service (the "IRS") in order to satisfy the jurisdictional deposit requirement of 26 U.S.C. §6226(e). Plaintiffs' respective deposits were tendered to the IRS with cover letters expressly identifying: (1) the name and social security number of the individual partner making the deposit; (2) the names and tax identification numbers of the pass-through entities related to such individual which received Final Partnership Administrative Adjustments (FPAAs) from the IRS; and (3) the purpose of the payments. These deposits were never returned, rejected or disputed by the IRS. Each of the Complaints filed in this consolidated action sets forth the fact that the required deposit had been made and stated the amount of each deposit. Plaintiffs have complied with each and every requirement in connection with the posting of jurisdictional deposits in this action.

Despite Plaintiffs having fully complied with the statutory requirements to obtain the jurisdiction of this Court, defendant, United States ("Defendant"), has filed this frivolous motion to dismiss on the following baseless and unsupportable grounds: 1) that the deposits made were not drawn on accounts in the name of the individual partners; and 2) that in the cases filed by entities as the notice partner of a partnership receiving an FPAA (i.e., Cases 05-299T and 05-303T) the deposits made by the individuals do not satisfy the jurisdictional deposit requirement.

Defendant's motion is without any legal support and without any precedent. Defendant's motion to dismiss makes it apparent that the government intends to attempt to dissuade Plaintiffs from pursuing this action by tapping into the government's limitless resources to do everything

in its power to reach its litigation cost estimate of “not less than $500,000,” as set forth on page 26 of the Joint Preliminary Status Report.

The Court should deny Defendant’s motion to dismiss these consolidated cases. Should the Court nevertheless find some merit to Defendant’s argument, the Court should exercise its authority under Section 6226(e)(1) and find Plaintiffs attempted in good faith to meet the jurisdictional requirements and that good cause therefore exists to allow Plaintiffs’ to cure whatever defects the Court finds in Plaintiffs’ deposits.

I. STATEMENT OF RELEVANT FACTS.

On March 10, 2005, Plaintiffs filed the complaints in these consolidated actions.[1] Prior to filing these complaints, Plaintiffs made good faith estimates of the amount of tax each notice partner filing on behalf of the respective partnership would owe assuming that the partnership adjustments reflected in the respective FPAAs were upheld. Defendant’s brief does not challenge the amounts of the deposits.

Counsel for Plaintiffs tendered each deposit check to the IRS under a separate cover letter. True and correct copies of the cover letters, the deposit checks enclosed with them, and the return receipts from the U.S. Post Office evidencing receipt by the IRS, are attached as Exhibit A to Appendix A, filed concurrently herewith. Each cover letter clearly stated the

[1]The consolidated cases are: Instashred Security Services, LLC, by and through ISS Acquisitions, LLC, a Partner Other than the Tax Matters Partner v. United States (Case No. 05-299T); ISS Management - T, LLC, by and through Thomas Dunlap, a Partner Other than the Tax Matters Partner v. United States (Case No. 05-300T); ISS Management D - LLC, by and through Don Thorne, a Partner Other than the Tax Matters Partner v. United States (Case No. 05-301T); ISS Management - I, LLC, by and through Issie Rabinovitch, a Partner Other than the Tax Matters Partner v. United States (05-302T); and ISS Acquisitions, LLC, by and through ISS Management - D, LLC, a Partner Other than the Tax Matters Partner v. United States (Case No. 05-303T)

following information: the name and taxpayer identification number of the individual taxpayer making the deposit, the name and federal employer identification number of each partnership in the chain of pass-through entities which received an FPAA, as well as the following statement:

> "This deposit is being made by the above-referenced taxpayer in connection with the Notices of Final Partnership Administrative Adjustment issued to the above-referenced partnerships for the above-referenced tax year."

Mr. Issie Rabinovitch is a notice partner of ISS Management - I, LLC, which is a notice partner of ISS Acquisitions, LLC ("Acquisitions"), which is a notice partner of Instashred Security Services, LLC ("Instashred"). The letter referencing Mr. Rabinovitch makes clear that the deposit of $357,167.00 was made by Mr. Rabinovitch in connection with the FPAAs issued to each of the entities to which he is a partner, either directly or indirectly (in the case of ISS Management - I, LLC, a direct partner, and in the cases of Acquisitions and Instashred, an indirect partner).

Similarly, Mr. Donald Thorne is a notice partner of ISS Management - D, LLC, which is a notice partner of Acquisitions, a notice partner of Instashred. The letter referencing Mr. Thorne makes clear that the deposit of $258,662.00 was made by Mr. Thorne in connection with the FPAAs issued to each of the entities to which he is a partner, either directly or indirectly.

Likewise, Mr. Thomas Dunlap is a notice partner of ISS Management - T, LLC, which is a notice partner of Acquisitions, which is a notice partner of Instashred. The letter referencing Mr. Dunlap makes clear that the deposit of $30,123.00 was made by Mr. Dunlap in connection with the FPAAs issued to each of the entities to which he is a partner, either directly or indirectly.

The ultimate tax payers are Messrs. Rabinovitch, Thorne and Dunlap. The limited liability companies are treated as "pass-through" entities for federal tax purposes and while they file returns, they do not pay taxes.

The total amount of the deposits made in connection with these consolidated cases ($645,952.00) represents a good faith estimate of the entire amount of the tax that would be due by the individual partners if the positions set forth in the FPAAs were upheld.

Notably, the IRS has not rejected or returned the deposits that the government now claims were improperly made, and neither the Plaintiffs nor their counsel have received any notice from the IRS objecting to the amount of the deposits, the timing of tendering the deposits with the IRS, or otherwise challenging the deposits. The IRS is retaining over $645,000.00 of Plaintiffs' money, while at the same time claiming that the deposits were improper. The government cannot have it both ways.

## II. PLAINTIFFS HAVE FULLY COMPLIED WITH THE JURISDICTIONAL DEPOSIT REQUIREMENTS OF 26 U.S.C. § 6226(e).

Section 26 U.S.C. § 6226(e) states:

> In General. - A readjustment petition under this section may be filed in a district court of the United States or the Claims Court only if the partner filing the petition deposits with the Secretary, on or before the day the petition is filed, the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment. The court may by order provide that the jurisdictional requirements of this paragraph are satisfied where there has been a good faith attempt to satisfy such requirements and any shortfall in the amount required to be deposited is timely corrected.

In the present consolidated cases, Plaintiffs made a good faith estimate of the taxes that would be owed if the positions of the FPAAs were upheld and timely deposited the amounts of

such estimates with the IRS. Exhibit A. In so doing, Plaintiffs have fully complied with the jurisdictional requirements of Section 6226(e).

## III. DEFENDANT'S CONTENTION THAT PLAINTIFFS' DEPOSITS WERE SOMEHOW DEFECTIVE IS WITHOUT LEGAL AUTHORITY.

The gravamen of Defendant's argument is that the Plaintiffs' deposits are somehow defective because the checks were not drawn on accounts held in the name of the individual partners. Defendant, however, provides no legal support for this novel argument.

The deposit checks were drawn on the accounts of ISS Management - I, LLC, ISS Management - T, LLC and ISS Management - D, LLC, respectively. Without citation to any legal authority, the government contends that it is impermissible for the ISS Management entities, of which Issie Rabinovitch, Thomas Dunlap and Don Thorne, respectively, are direct members, and which are pass through entities to these individuals for tax purposes, to serve as the source of funds for the deposits, which were tendered to the IRS with cover letters expressly describing how the deposits should be applied.

Defendant's failure to cite authority is not surprising since neither the Internal Revenue Code nor the Treasury Regulations prescribe the source of funds used for making a deposit. While the checks were drawn from accounts of the respective ISS Management entities, the letters to the IRS enclosing such checks expressly provide that the deposits are being made by the respective individual taxpayers.

Were the government's interpretation of Section 6226(e) adopted, it could lead to ludicrous results. For example, a taxpayer seeking a refund in district court could not take out a bank loan and have the bank tender the check directly to the IRS, nor could the taxpayer accept a

gift from family members to make the jurisdictional deposit if the family members tendered the check directly to the IRS because such funds would not be drawn on the taxpayer's personal account. There is no legal authority prohibiting such a taxpayer from making a deposit from such sources, from an entity that the taxpayer owns, or requiring that the deposit be made directly from an account in the name of the taxpayer.

Defendant's brief also argues that the complaints filed in connection with the FPAAs issued to Instashred and Acquisitions (Cases No. 05-299T and 05-303T, respectively) should be dismissed because the deposits were made by the pass-through entities and not by the indirect partners.[2] This argument is factually flawed in that the cover letters specifically state that the indirect partners tendered the deposits. Moreover, Defendant again fails to offer any legal authority to support this argument. The facts and the plain meaning of Section 6226(e) support the Plaintiffs' contention that all the deposits in these cases were properly made.

In the case filed by Instashred, by and through Acquisitions (Case No. 05-299T), Section 6226(e) would require Acquisitions to deposit the amount it would owe if the positions in the FPAA issued to Instashred were upheld. This amount would be zero. Nevertheless, the tax liability would flow up through the owners of Acquisitions (which are the ISS Management entities) and ultimately to the owners of the ISS Management entities, Messrs. Rabinovitch, Thorne, and Dunlap, respectively. As discussed above, each of those individuals has properly deposited with the IRS the amounts each would owe if the positions in the Instashred FPAA were upheld.

[2]The FPAAs and Defendant's documents on file show that Defendant contends that the limited liability companies at issue in these cases are shams and should be disregarded. Plaintiffs strongly disagree with Defendant's position on this issue and believe that the facts will demonstrate that the limited liability companies should be respected as separate and distinct legal entities.

In the case filed by Acquisitions, by and through ISS Management - D, LLC, the same analysis applies. The tax liability of Acquisitions would flow up to the ISS Management entities. ISS Management - D, LLC, was the notice partner filing on behalf of Acquisitions, and its owner, Mr. Dunlap, properly deposited with the IRS the amount he would owe if the positions reflected in the Acquisitions FPAA were upheld.

There is no prohibition against making a single deposit which applies to multiple cases. The requirement is that the taxpayer tender the deposit. That was done here. Despite the groundless assertion by Defendant, there is no requirement that the taxpayer write a separate check for each entity. In fact, Treasury Regulation § 301.6311-1[3] contemplates that it is permissible for payments to cover two or more person's taxes. It states in pertinent part that:

> "If one check . . .is remitted to cover two or more persons' taxes, the remittance should be accompanied by a letter of transmittal clearly identifying– (a) each person whose tax is to be paid by the remittance." Treas. Reg. § 301.6311-1(a)(iii)(a).

In the present case, the letters attached hereto as Exhibit A are in accord with Section 301.6311-1 as they identify the taxpayer and the pass-through entities to which the deposit relates. It appears that Defendant has elected to ignore Plaintiffs' cover letters which clearly instruct Defendant to allocate the deposits exactly as Defendant claims such funds should be allocated. Instead, Defendant has focused on the IRS's records, which Plaintiffs had no hand in creating.

[3]A copy of Treas. Reg. § 301.6311-1 is attached as Exhibit B to Appendix A, filed concurrently herewith.

## IV. ASSUMING *ARGUENDO* THAT THE COURT DETERMINES THAT A DEFECT DOES EXIST IN CONNECTION WITH PLAINTIFFS' DEPOSITS, IT SHOULD EXERCISE ITS AUTHORITY UNDER SECTION 6226(e)(1) AND ORDER THAT THE JURISDICTIONAL REQUIREMENTS ARE DEEMED SATISFIED.

The IRS wants to have this action dismissed – not on the grounds that the jurisdictional deposits were not made – but on the grounds that the checks were not drawn on accounts in the name of the individual taxpayers and that a separate check was not written for the deposit for each entity. Such a result would be ludicrous and fundamentally unfair.

It is undisputed that Plaintiffs tendered payments to the IRS totalling more than $645,000.00 as deposits for the present litigation. Further, it is undisputed that counsel for Plaintiffs prepared cover letters to the IRS which identify the taxpayer and related FPAAs to which the payments were intended to apply. It is also undisputed that the IRS received such payments and never returned or rejected the amounts. In short, Plaintiffs have made every effort to comply with the jurisdictional requirements of Section 6226(e) in good faith.

Assuming *arguendo*, that the Court determines that there exists some error relating to the deposits, Plaintiffs respectfully request that the Court exercise its authority under Section 6226(e)(1) and order that the jurisdictional requirements of Section 6226(e) be deemed satisfied or provide Plaintiffs with an opportunity to correct whatever deficiencies are found. The exercise of such discretion under these circumstances is appropriate due to the fact that Plaintiffs have made more than a good faith effort to comply with the deposit requirements and the IRS is retaining the deposits.

//

//

//

## V. CONCLUSION.

For the above-stated reasons, Plaintiffs respectfully request that the Court deny Defendant's motion to dismiss. Alternatively, Plaintiffs respectfully request that the Court exercise its statutory authority under Section 6226(e)(1) and order that, based on the Plaintiffs' good faith effort to comply with Section 6226(e), the jurisdictional requirements are deemed to have been met or that Plaintiffs are granted leave to correct any deficiency.

Respectfully submitted,

1/19/2006 s/Morgan R. Evans

Date

MORGAN R. EVANS
Goddard LLP
18500 von Karman Ave., Suite 400
Irvine, California 92612
(949) 253-0500

Counsel for Plaintiff